**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**H&H LAUNDRY CORPORATION OF ORLANDO, INC. and MCHAEUSZER LAUNDRY, INC.,**

         **Plaintiffs,**

-vs-                                       **Case No. 6:10-cv-938-Orl-31GJK**

**THELAUNDRYLIST.COM, INC. and BRIAN COHEN,**

         **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 11) filed by the Defendants, TheLaundryList.com, Inc. ("LaundryList") and Brian Cohen ("Cohen"), the response (Doc. 16) filed by the Plaintiffs, H&H Laundry Corporation of Orlando, Inc. ("H&H") and McHaeuszer Laundry, Inc. ("McHaeuszer Laundry"), and the reply (Doc. 20) filed by the Defendants.

This case, which was originally filed in state court, involves allegations that the Plaintiffs entered into contracts for the sale of commercial laundry equipment with the Defendants, who failed to deliver some of the equipment or delivered inoperable equipment. The Defendants seek dismissal on numerous grounds.

**The Complaint**

Before addressing the Defendants' arguments, the Court notes that the docketed version of the Complaint (Doc. 2) in this removed action is missing pages 10 and 11. This missing section

encompasses all of Court I and the first portion of Count II, precluding Court review of those counts. The removing parties are directed to docket a complete version of the Complaint not more than five days from the entry of this order.[1]

**Invoices**

The Plaintiffs attached copies of invoices to their Complaint, but the Defendants complain that only the front pages of those invoices were attached. The Defendants argue that under Fla.R.Civ.P. 1.130(a), this failure to attach complete copies of the relevant requires dismissal of the entire Complaint. The Plaintiffs respond that they did not possess the allegedly missing pages. Accordingly, the Court will not dismiss the Complaint on this basis. *See Sasche v. Tampa Music Co.*, 262 So. 2d 17, 19 (Fla. 2d DCA 1972) (holding that failure to attach instrument not within pleader's control should not be fatal to suit).

**Fraud**

In Counts III and IV, the Plaintiffs accuse LaundryList and Cohen, respectively, of fraud. In Counts V and VI, the Plaintiffs accuse them of making fraudulent misrepresentations. And in Counts IX and X, the Plaintiffs allege that LaundryList and Cohen made negligent misrepresentations. In each of these six counts, the basic allegation is the same: that the pertinent Defendant told the Plaintiffs that he (or it) "possessed and could otherwise deliver the commercial laundry equipment pursuant to the Invoices" and that "the commercial laundry equipment would be operable and fit for its intended purposes." In addition, in Counts VII and VIII, the Plaintiffs

---

[1] The Court assumes that the version of the Complaint filed in state court included pages 10 and 11. If not, the removing parties should file a notice to that effect.

contend that these same (purported) misrepresentations by LaundryList and Cohen, respectively, fraudulently induced them to enter into the Invoices.

Florida's economic loss rule bars actions in tort between parties to a contract to recover damages arising from the contract. *Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So. 2d 532, 536-37 (Fla. 2004). The economic loss rule does not apply where the tort is independent of the contractual breach, *id.* at 537, and the Plaintiffs argue that these counts fit within this exception. But the misrepresentations alleged by the Plaintiffs are simply recastings of the breach of contract allegations – *i.e.*, that the Defendants did not deliver the equipment, or that they delivered inoperable equipment. As such, they are synonymous with the breach allegations, rather than independent of them. The economic loss rule bars Counts III through X, which will be dismissed with prejudice.

**Warranty Claims**

In Count XIII, the Plaintiffs assert a claim for "Breach of UCC Warranty" against LaundryList; in Count XIV, they assert the same claim against Cohen. Counts XV and XVI are claims for a breach of "common law" warranties against LaundryList and Cohen, respectively. With one apparent exception,[2] the invoices (Doc. 2-1 at 1-11) attached to the Complaint describe the equipment being purchased as "Used, As Is, Where Is." Relying on Fla. Stat. § 672.316(3)(a),

---

[2] An invoice dated November 9, 2009 describes the equipment being purchased simply as "Sellars Boiler." (Doc. 2-1 at 7). The equipment descriptions in the other attached invoices all begin with the disclaimer language. For example, the first piece of equipment in the first attached invoice is described as follows: "Used, As Is, Where Is, 1989 Milnor 110lb. Capacity CBW System with 2-Stage Press, 2-Cake Shuttle and (3) Gas Heated Dryers; Model Number is 76032; Serial Number is AAS/5574401; FOB: Tyrone, GA". (Doc. 2-1 at 1).

the Defendants contend that this disclaimer is fatal to the Plaintiffs' warranty claims. That statute provides:

> Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is" or "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty.

Fla. Stat. § 672.316(3)(a).

The Plaintiffs respond that the "Used, As Is" language was not enough to disclaim the implied warranty of merchantability. In support, they point to *McCormick Machinery, Inc. v. Julian E. Johnson & Sons, Inc.*, 523 So. 2d 651 (Fla. 1st DCA). In that case, the seller of a used bulldozer included the following language in the sales contract: "Seller makes no warranty express or implied with respect to the property and Buyer accepts delivery thereof under the warranty if any of the manufacturer." *Id.* at 653. The *McCormick* court found that this language was ineffective as to the implied warranty of merchantability. In so finding, the court relied on Fla. Stat. § 672.316(2), which provided (and still provides today) in pertinent part that "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability." Because the language at issue did not include the word "merchantability," the court found that that particular implied warranty remained in effect. *Id.* at 654. The Plaintiffs argue that the disclaimers here, which did not mention "merchantability," were similarly ineffective.

However, there are two problems with the Plaintiffs' argument. First, they have not asserted any claims for a breach of an implied warranty of merchantability. Rather, in Counts XIII and XIV, the Plaintiffs contend that LaundryList and Cohen "breached the implied warranty of

-4-

fitness." (Doc. 2 at 21, 23). Similarly, in Counts XV and XVI, the Plaintiffs contend that Laundry List and Cohen "warranted that all of the commercial laundry equipment . . . would be suitable operable and fit for its intended purposes" and then "breached this warranty." (Doc. 2 at 24, 26). Unlike the situation with the implied warranty of merchantability, a disclaimer of an implied warranty of fitness does not require that the seller mention any particular word or phrase, such as "fitness". Fla. Stat. § 672.316(2).

The Plaintiffs' second problem is that the language at issue here is materially different than the language at issue in *McCormick*. Unlike the contract in that case, the invoices here specifically stated that the goods were being sold "As Is." The subsection that requires use of the word "merchantability" to disclaim that particular implied warranty, Fla. Stat. § 672.316(2), explicitly makes its requirement subject to Fla. Stat. §672.316(3), which defines the term "as is" as one that operates to exclude *all* implied warranties. Thus for two separate reasons, *McCormick* is inapplicable here. And the Plaintiffs have not presented any other argument as to why the disclaimers were ineffective. Accordingly, the Court finds that the disclaimers were effective. As a result, Counts XIII through XVI fail as a matter of law and will be dismissed with prejudice.[3]

**McHaeuszer and Cohen**

The attached invoices show, and the Plaintiffs do not dispute, that LaundryList and H&H were the only parties to these contracts. As such, the Defendants seek dismissal of the claims of

---

[3]Because the description of the "Sellars Boiler" did not include the disclaimer language, any warranty claim in connection with that particular piece of equipment is exempted from this dismissal, and may be reasserted.

Plaintiff McHaeuszer for lack of standing. They also seek dismissal of the claims against Defendant Cohen on the grounds that no basis has been shown for individual liability.

The Plaintiffs contend that McHaeuszer is related to H&H, that McHaeuszer had entered into contracts with commercial clients, and that it suffered lost income when it could not perform those contracts as a result of the Defendants' alleged failure to perform under the invoices. However, the fact that a non-party suffers an injury as a result of the breach of a contract is not enough, standing alone, to allow that entity to enforce the contract. McHaeuszer's claims will be dismissed.

As for Cohen, the owner of LaundryList, the Plaintiffs assert that they have pleaded that he "personally engaged in improper acts," and that this permits them to proceed against him individually. However, the improper acts Plaintiffs cite to in their response were the alleged misrepresentations regarding delivery and quality of the equipment. The counts involving those allegations have been dismissed with prejudice. The only remaining claims are for breach of contract or the like, and the Plaintiffs have not shown any basis for proceeding against Cohen individually on those counts. Accordingly, all of the claims against Cohen, individually, will be dismissed with prejudice.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 11) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1.  Plaintiff McHaeuszer Laundry, Inc. is **DISMISSED WITHOUT PREJUDICE** for lack of standing.

      2.      Counts III through X are **DISMISSED WITH PREJUDICE** because they violate the economic loss rule.

      3.      Counts XIII through XVI are **DISMISSED WITH PREJUDICE**, except that any warranty claim involving the "Sellars Boiler" is **DISMISSED WITHOUT PREJUDICE**.

      4.      To the extent they have not already been dismissed, all claims against Defendant Brian Cohen are **DISMISSED WITH PREJUDICE** due to the failure to establish a basis for individual liability, and he is dismissed as a party to this case.

      5.      In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 6, 2010.

                                                    GREGORY A. PRESNELL
                                                UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party