**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**H&H LAUNDRY CORPORATION OF**
**ORLANDO, INC.,**

            **Plaintiffs,**

-vs-                                                **Case No.  6:10-cv-938-Orl-31GJK**

**THELAUNDRYLIST.COM, INC.,**

            **Defendants.**

_____

## ORDER

This matter comes before the Court on the Motion to Dismiss the Second Amended Complaint (Doc. 39) filed by the Defendant, thelaundrylist.com, Inc. ("LaundryList"), and the response (Doc. 40) filed by the Plaintiff, H&H Laundry Corporation of Orlando, Inc. ("H&H").

According to the allegations of the Second Amended Complaint (Doc. 37), which are accepted as true for purposes of resolving this motion, LaundryList – as the seller – and H&H – as the buyer – entered into a series of contracts for the sale and purchase of laundry equipment. H&H complains that LaundryList has failed to send it some of the equipment it bought, and that some of the equipment was in bad condition, despite "verbal and written communications" (presumably from LaundryList) attesting to the equipment being in good working condition.  (Doc. 37 at 3). The Second Amended Complaint contains three counts.  The first is for breach of contract, the second is for unjust enrichment, and the third asserts a claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq*.  (Doc. 37 at 5-8).

The theory of unjust enrichment is equitable in nature and is not available where there is an adequate legal remedy. *See*, *e.g.*, *David v. American Suzuki Motor Corp.*, 629 F.Supp.2d 1309 (S.D.Fla. 2009). Such is the case here; the recovery sought by the Plaintiff under the contracts is the same as the recovery it seeks pursuant to its unjust enrichment claim. The Plaintiff argues that the Federal Rules of Civil Procedure permit it to seek inconsistent remedies. Generally speaking, this is true. However, recovery on a theory of unjust enrichment is only available when, as a matter of fact, there is no legal contract. *See, e.g.*, *Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corp.*, 139 F.3d 1396, 1413 (11th Cir. 1998). Both parties agree that they entered into these contracts, and no party has argued that the contracts were illegal or unenforceable. The Plaintiff's unjust enrichment claim will be dismissed with prejudice.[1]

In Count III, H&H contends that LaundryList committed unfair and deceptive acts during their negotiations by informing it that the equipment, though used, was in good condition. (Doc. 37 at 8-13). In fact, according to H&H, much of the equipment was in poor condition, requiring extensive repairs. LaundryList argues that the FDUTPA claim is barred by the "Used, As Is" disclaimer language found in the contracts. A party that signs a contract whose terms contradict the alleged misrepresentations on which it relied is barred from seeking relief pursuant to FDUTPA, because it has acted unreasonably. *TRG Night Hawk Ltd. v. Registry Development Corp.*, 17 So.3d 782, 784 (Fla. 2d DCA 2009) (citing *Rosa v. Amoco Oil Co.*, 262 F.Supp.2d 1364, 1368 (S.D.Fla. 2003). In this case, the disclaimer language in the contracts is inconsistent with the

---

[1] LaundryList argues that the existence of these two causes of action in a single complaint requires dismissal of *both* the contract claim and the unjust enrichment claim. LaundryList has not cited any cases that reach this result, and the Court will therefore not dismiss the contract claim on this basis.

alleged oral representations/warranties that the equipment was in good working order.  As a result, H&H's FDUTPA claim is barred.  *See TRG Night Hawk Ltd.* at 784-85.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss the Second Amended Complaint (Doc. 39) is **GRANTED IN PART AND DENIED IN PART**.  Count II and Count III of the Second Amended Complaint are **DISMISSED WITH PREJUDICE**.  In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 12, 2010.

_____
**GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party